Devlin agt. Murphy.

## SUPREME COURT.

WILLIAM DEVLIN agt. THOMAS MURPHY, WILLIAM FULLERTON
and others.

*Mortgage — Covenant in a deed to pay same — when it may be released.*

Where M. conveyed to F. certain lands, subject to a mortgage, which, by
the covenants in the deed, F. agreed to assume and pay, but an agree-
ment was made, *contemporaneous with the deed,* that M. would take back
the land, at any time, should F. become dissatisfied with the purchase,
and release F. from the covenants, and F. afterwards reconveyed the
land to M., who released him from the covenants in the original deed:
*Held,* that the release of M. to F. discharged him from all claim to pay
the mortgage, and that the holder thereof was not entitled to a judg-
ment against F., for any deficiency arising on a sale, in an action of
foreclosure (*See Flagg* agt. *Munger,* 5 *Seld.,* 483; *Crowell* agt. *St. Bernards,*
27 *N. J. E.,* 650; *but. see Whiting* agt. *Gearty,* 14 *Hun,* 498, *note at end
of case.*)

*Special Term, February,* 1878.

*John E. Develin,* for plaintiff.

*E. L. Fancher,* for defendant Fullerton.

VAN VORST, J. — The defendant, Fullerton, has testified
that it was a part of the terms and conditions upon which he
became a purchaser of the lands covered by the mortgage
sought to be foreclosed in this action, that his grantor, Mur-
phy, would, at " *any time thereafter,*" accept of a reconvey-
ance of the lots and reimburse him for what he had paid out,
and "reinstate him as he was at first." In the event of a recon-
veyance he was to get back, principal and interest, all he

Devlin agt. Murphy.

should pay as consideration, and all disbursements, including taxes and assessments, and he was to be released from all obligations he should assume. This, according to Mr. Fullerton's testimony, was the "final agreement," when the conveyance was made and accepted. The defendant, Murphy, corroborates this statement, at least to the extent that he would take back the property whenever Fullerton "got tired of it." The deed to Fullerton contains a covenant by which he assumed the payment of a mortgage then existing upon the premises, executed by Murphy to Henry F. Spaulding and others, for $2,940, being the mortgage in suit. The conveyance to Fullerton was in the year 1872. By deed dated April 5, 1877, Fullerton reconveyed the premises to Murphy. This conveyance, which is also signed by Murphy, contains, amongst other things, a release of Fullerton from any obligation he had incurred, with respect to the mortgage, through the covenants in the deed, and Murphy himself assumed and agreed to pay it. The agreement between Murphy and Fullerton, in effect, contemporaneous with the deed, was verbal. But it was performed in part at the time, by the making and acceptance of the original conveyance, and the reconveyance was made and received in further performance of it. It is objected by the plaintiff, that this *verbal* agreement was invalid. But I apprehend that the question of the invalidity of the agreement, and whether or not it should be carried out, rested with Fullerton and Murphy exclusively. Whether or not, the agreement was void for indefiniteness as to time, or because not reduced to writing, was for the determination of Murphy. He only could object that a delay of five years in making the reconveyance was unreasonable. If Murphy felt himself bound in conscience to carry out the agreement, and accept a reconveyance, after a lapse of five years, and further to do what he could towards *reinstating* Fullerton, it is not for others, who are neither parties nor privies to the agreement, to complain. There is certainly nothing inequitable in the result reached through the reconveyance if the intentions and agreements of the par-

ties made in good faith, are fully carried out. A stranger to the contract cannot object that the agreement was not in writing (*Dempsey* agt. *Kipp*, 61 *N. Y.*, 471), nor that Murphy was not bound to accept a reconveyance. He believed that he was bound, and acted upon such belief; that is sufficient. It is true that Fullerton's covenant, with respect to the payment of the mortgage, was to the advantage of the holder of the mortgages and could have been enforced by him so long as the covenant was in force. But that, in itself, affords no valid reason why the parties who made the covenant should not carry out an agreement, honestly made, contemporaneous with the covenant, although the effect be to discharge the covenant and deprive a third person of an advantage he might secure with the covenant in force. If the holder of the mortgage obtained any right, it is in subordination and must yield to the earlier rights and equities of Fullerton, through the original agreement, in which the covenant in question originated. *Stephens* agt. *Casbacker* (8 *Hun* 116) is an authority that Murphy's subsequent release operates as a discharge of Fullerton from all obligations assumed under the deed to him. And the case under consideration is stronger in its facts for the defendant than *Stephens* agt. *Casbacker*. In that case the subsequent conveyance of the land and the release were not the result of an agreement made contemporaneous with the covenant. The fact that plaintiff's action for the foreclosure of the mortgage was pending when the reconveyance was made, and the release given, does not affect the question.

The commencement of the plaintiff's action could not prevent the parties from carrying out a prior agreement between themselves.

The action may proceed to judgment of foreclosure, but the defendant, Fullerton, is not liable for any deficiency.

As between plaintiff and the defendant, Fullerton, neither should recover costs, as from the condition of the record, the plaintiff was justified in bringing in Fullerton as a party.

Devlin agt. Murphy.

NOTE.— *Stephens* agt. *Casbacker* (8 *Hun*, 116), referred.to in the fore-going opinion, is cited in *Whiting* agt. *Gearty* (14 *Hun*, 498) which holds that the grantor cannot release the grantee from a covenant to pay a mortgage, after knowledge of the covenant is brought to the creditor, and he has commenced proceedings to enforce it.   But in this case, it will be observed, the agreement to release was not contemporaneous with the creation of the covenant which is the principal feature in the case above reported.   [REP.